UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| BRIAN KEITH ALFORD, | CASE NO. 3:19 CV 2887 |
| Petitioner, | JUDGE JOHN R. ADAMS |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | |

This is another *habeas corpus* action filed by *pro se* Petitioner Brian Alford under 28 U.S.C. § 2241 seeking relief from his 2002 federal convictions on charges of armed bank robbery and use of a firearm on the basis of actual innocence. (Doc. No. 1.) This Court has denied a prior § 2241 petition he filed seeking relief from his convictions on the basis of actual innocence. *See Alford v. J.T. Shartle*, No. 4: 10 CV 2815 (N.D. Ohio Jan. 21, 2011); *aff'd*, No. 11-3154 (6th Cir. Sept. 2, 2011).

This petition must also be dismissed. Pursuant to 28 U.S.C. § 2243, federal district courts conduct initial review of *habeas corpus* petitions. *See also Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)).

As this Court found in connection with Petitioner's prior petition, Petitioner has not demonstrated he is entitled to relief under § 2241. A *habeas* petition under § 2241 "is appropriate for claims challenging the execution or manner in which [a] sentence is served," not for claims challenging the validity of a prisoner's conviction or sentence, which must be asserted in the sentencing court under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Only under highly exceptional circumstances, where a prisoner is able to establish that his

remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention, may he challenge his conviction under § 2241 instead of under § 2255. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). To do so, a petitioner must establish "actual innocence" by showing that after his conviction became final, the United States Supreme Court issued a retroactively-applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

The petition does not make such a showing. It does not cite to a retroactively-applicable decision of the United States Supreme Court re-interpreting the substantive terms of the criminal statutes under which Petitioner was convicted in a manner that establishes he did not violate those statutes.

Further, in this Circuit, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). The petition does make this showing, either. Petitioner has not shown, and cannot show, that he had "no reasonable opportunity" to make the arguments of actual innocence he asserts earlier, either on direct appeal, in a § 2255 motion, or otherwise. *See id.* at 703.

Accordingly, Petitioner is not entitled to relief by way of § 2241.

**Conclusion**

Based on the foregoing, Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and his petition is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

                                                  /s/ John R. Adams
                                                  JOHN R. ADAMS
                                                  UNITED STATES DISTRICT JUDGE

DATED: March 31, 2020